IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN PEAK,<br><br>    Plaintiff,<br><br>vs.<br><br>CAITLYN CASSIDY, and all persons acting in active concert & participation with her;<br><br>    Defendant. | **8:22CV378**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff's pro se Complaint filed on November 2, 2022. Filing No. 1. The Court is required to conduct an initial review of prisoner and in forma pauperis complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court conducts this review, however, an issue regarding Plaintiff's authorization to proceed IFP must be addressed.

## I. LEAVE TO PROCEED IN FORMA PAUPERIS

  On November 30, 2022, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") as a non-prisoner. Filing No. 6. After further review, the Court now vacates its order granting Plaintiff's IFP motion, Filing No. 5, pursuant to Fed. R. Civ. P. 60(a)[1] because the Court erroneously characterized Plaintiff as a "non-prisoner." Though unclear, the address listed by Plaintiff in his Complaint is the address for the Nebraska Department of Correctional Services' Reception and Treatment Center. Filing No. 1 at 2. Thus, Plaintiff was a prisoner within the meaning of the Prison Litigation Reform Act when he filed his Complaint.

---

[1] Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a . . . order."

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). However, the Court cannot calculate Plaintiff's initial partial filing fee without a current copy of Plaintiff's trust account information. *See* 28 U.S.C. § 1915(b)(1). Accordingly, the Court will direct the Clerk of the Court to request a certified copy of Plaintiff's trust account information from his current institution. Alternatively, Plaintiff may provide a current copy of his trust account information to the Court.

## II. CHANGE OF ADDRESS

Based on information in the record, it appears Plaintiff's address has changed, and he is now incarcerated at the Omaha Correctional Center. The Court takes judicial notice that Plaintiff now appears to be in custody at the Omaha Correctional Center according to the publicly accessible inmate search on the Nebraska Department of Correctional Services website.[2] Plaintiff has an obligation to keep the Court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). If Plaintiff's address has changed, he must update the Court within 30 days of this Memorandum and Order.

## III. SUMMARY OF COMPLAINT

Although Plaintiff's authorization to proceed IFP and current address are unresolved, the Court will conduct a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Plaintiff alleges he was paroled on September 22, 2022. Filing No. 1 at 1. He alleges that on or about October 10, 2022, Defendant ordered Plaintiff picked up and

---

[2] *See* Nebraska Department of Corrections Inmate Search, Kevin Peak, DCS ID 83741, last visited January 23, 2023 (showing inmate with Plaintiff's name with same Department of Corrections Identification Number that Plaintiff used in prior correspondence, Filing No. 5 at 3); *see also Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (court may take judicial notice of public records).

placed in custody based on "a sole allegation that Plaintiff had violated a no contact rule that was in his conditions of his parole." Filing No. 1 at 1 (punctuation omitted). Plaintiff asserts he "was not charged with any othe [sic] crime for which he had to post a bond." Filing No. 1 at 2. Plaintiff does not identify Defendant's employer or Defendant's position. Nor does Plaintiff allege where he was picked up or placed into custody, or whether his parole has been officially revoked. Nevertheless, Plaintiff alleges Defendant's actions violated his due process rights under the Fourteenth Amendment. Filing No. 1 at 2. Specifically, Plaintiff argues Defendant's actions violated Plaintiff's rights under *Morrissey v. Brewer*, 408 U.S. 471 (1972). Plaintiff seeks $500,000,000.00 in damages.

## IV. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## V. ANALYSIS OF COMPLAINT

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages for alleged violations of Plaintiff's rights under the Fourteenth Amendment and *Morrissey v. Brewer*, 408 U.S. 471 (1972). In *Morrissey*, the Supreme Court recognized that if an individual on parole is accused of committing a crime, the state has an "overwhelming" governmental interest in being able to return the individual to custody without a full criminal trial. 408 U.S. at 483. However, because the liberty of a parolee "includes many of the core values of unqualified liberty," it is protected by the Fourteenth Amendment and "[i]ts termination calls for some orderly process, however informal." *Id.* at 482.

4

To comply with *Morrissey*, a two-step process must be followed. Under the first step, a parolee may be swiftly detained if probable cause shows the parolee violated his conditions of parole. *Id.* at 485. Under the first step, the factfinder must be an uninvolved individual who did not initiate the revocation process. *Id.* (stating that a person "not directly involved in the case" must determine whether probable cause exists to justify an inmate's detention). However, the person presiding over this preliminary determination need not be a judge. *Id.* at 486. Additionally, the preliminary probable cause determination should take place "at or reasonably near the place of the alleged violation or arrest" and "as promptly as convenient" after the alleged violation. *Id.* at 485. The parolee must be given notice of the hearing and the alleged violations and, if applicable, should have the opportunity to cross-examine witnesses. *Id.* at 487. The parolee should be given the opportunity to present evidence and defenses. *Id.* After a probable cause determination is made, the person conducting the hearing must state the reasons and identify the evidence supporting the decision. *Id.* However, these reasons do not need to contain formal findings of fact and conclusions of law. *Id.*

At the second step, if probable cause is found to justify the parolee's detention, a revocation hearing must be held to determine whether parole is revoked altogether. *Id.* Under *Morrissey*, the minimum procedural due process requirements for the revocation hearing include:

(a) written notice of the alleged violations;

(b) disclosure of evidence against the accused;

(c) an opportunity for the accused to be heard in person and to present witnesses and documentary evidence;

(d) the right to confront and to cross-examine adverse witnesses (unless good cause exists to deny such confrontation);

5

> (e) a "neutral and detached" hearing body; and
>
> (f) a written statement by the factfinders articulating the result of the hearing and, if parole is revoked, stating the reasons for revocation and identifying the evidence relied upon for the decision.

*Id.* at 489. The revocation hearing at the second step must take place within a reasonable time, but because it involves more formality than the preliminary detention hearing, reasonable delays are permitted. *Id.* at 488.

The sparse allegations of the Complaint are insufficient to state a claim that Plaintiff's rights under *Morrissey* were violated. First, Plaintiff does not identify Defendant's employer or Defendant's role leading to Plaintiff's detention. Absent such allegations, the Court cannot determine whether Plaintiff's claims may proceed against Defendant. Additionally, Plaintiff does not allege whether his parole has been provisionally or permanently revoked. His sole allegations are that he was taken into custody but has not been charged with a crime for which he had to post bond. Filing No. 1 at 1, 2. Even construed liberally, Plaintiff's allegations do not directly allege facts supporting a reasonable inference that Defendant is liable for any misconduct, nor do they provide fair notice of the nature and basis or grounds for his claim.

## VI. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint that alleges facts supporting a claim under *Morrissey*, to the extent such facts can be credibly alleged.

IT IS THEREFORE ORDERED:

1. The Court's November 30, 2022 Order, Filing No. 6, is vacated. The Clerk of the Court is directed to reinstate the motion event for Filing No. 5.

2. The Clerk of the Court is directed to request a certified copy of Plaintiff's trust account information from the Nebraska Department of Correctional Services.

3. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to explain what Defendant did to him, when Defendant did it, and how the Defendant's actions harmed him.

4. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

6. Plaintiff must update his address within 30 days. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

7. The Clerk of the Court is directed to send a copy of this Memorandum and Order to Plaintiff at his last known address and to Plaintiff at the following address: Kevin Peak, 83741, Omaha Correctional Center, P.O. Box #11099, Omaha, NE 68110-2766.

7

8. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 24, 2023**—amended complaint and updated address due.

Dated this 25th day of January, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge

8